No. 21273.

MARION SLAVSKY AND STANLEY SLAVSKY *v.*
IRMA FRANCES CALLAHAM.
(425 P.2d 686)

Decided March 27, 1967.     Rehearing denied April 17, 1967.

Donaldson, Hoffman and Goldstein, a Professional Corporation, Alan A. Armour, for plaintiffs in error.

Wood, Ris and Hames, James E. Elliott, Jr., for defendant in error.

*In Department.*

Opinion by John N. Mabry.*

This controversy arose from the refusal of the trial court to award expert witness fees.

For clarity, plaintiffs Slavsky and defendant Callaham are hereinafter referred to as plaintiffs and as defendant, respectively.

This was a personal injury action, in which the verdict was set aside and a new trial granted. An unsuccessful attempt was made to prevent a new trial, by defendant's application to this court for a writ of prohibition.

After the second trial, before a different judge, a judgment, omitting interest but reading "together with

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

costs," was entered upon a verdict for the plaintiffs. Ten days later, plaintiffs filed their Motion To Alter and Amend Judgment, and to Tax Costs, the material parts of which are:

". . . as grounds and reason therefor would show the Court that Plaintiffs are entitled to interest pursuant to statute and the Court failed to award the same. *Plaintiffs would also show to the Court that they are entitled to costs of suit including expert witness fees."* (Emphasis added.)

In *Callaham v. Slavsky*, 153 Colo. 291, 385 P.2d 674, the second trial court judgment was affirmed and plaintiffs' cross-error for statutory interest, as requested in the foregoing motion, was sustained. That portion of plaintiffs' motion requesting expert witness fees was never called up for hearing or ruled upon by the trial court, although ten days elapsed between the entry of judgment and the filing of the designation of record, and two and one-half months elapsed between the filing of the motion and the issuance of the writ of error. Needless to say, the expert witness fees question was not considered by us in the *Callaham* case.

After remittitur in Callaham, *supra,* plaintiffs filed another motion to tax expert witness fees as costs. The trial court amended its former judgment to include statutory costs as required by the remittitur, but denied plaintiffs' motion for expert witness fees. The plaintiffs sued out this writ of error and we are now called upon to determine whether we should remand this matter to the trial court with instructions to hear the last mentioned motion and to award reasonable expert witness fees.

It is noteworthy that there was ample time for plaintiffs to have duly presented to the trial court their original motion to fix and award expert witness fees prior to the issuance of a writ of error in Callaham, *supra,* and if disappointed in the trial court's ruling, they could have assigned cross-error on that question,

as they had done successfully in their request for statutory interest. Failure to do so is significant.

■ Expert witnesses in courts of record are entitled to witness fees commensurate with the "learning or skill required" and with "reference to the value of the time employed . . ." C.R.S. '53, 56-6-2.

■■ In the absence of a stipulation between the litigants as to whether a witness is an expert, the length of time and the value of time spent in attendance at trial, and the judicial determination of what is a reasonable fee to be awarded an expert witness in a given case — these are all evidentiary questions. Fees for a witness, when stipulated or judicially determined that the witness is an expert, must — unlike the nonexpert witness whose fees are specifically provided for by statute and are taxed and paid without hearing or proof of competency or reasonable value — be based upon reasonable value, time spent, and other factors noted above.

■ To sustain plaintiffs' position herein would be to approve piecemeal appeals and encourage the filing of a multiplicity of writs of error.

■ Under all the facts and circumstances at bar, we hold that the judicial determination of plaintiffs' motion to tax or award expert witness fees should have been called up for hearing and determined by the trial court before the writ of error was sued out in Callaham, *supra*.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.